IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-11-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY LAMONT COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

On April 6, 2010, pursuant to a plea agreement [D.E. 17], Tracy Lamont Collins ("Collins") pleaded guilty to one count of distributing five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1]; [D.E. 17] 3–4, 6. On December 10, 2010, the court held Collins's sentencing hearing. See Judgment [D.E. 27]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") and ruled on Collins's objections. The court calculated Collins's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 24], the court sentenced Collins to 102 months' imprisonment. See [D.E. 27].

On October 14, 2014, Collins filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 33]. Collins's new advisory guideline range is 130 to 162 months' imprisonment based on a total offense level of 27 and a criminal history category of VI. Collins seeks an 88-month sentence.

The court has discretion to reduce Collins's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam)

(unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Collins's sentence, the court finds that Collins engaged in serious criminal behavior. See PSR ¶¶ 1–8. Furthermore, Collins has a lengthy and disturbing criminal history, including multiple convictions for serious drug offenses and violent behavior. See id. ¶¶ 10–27. Nonetheless, while incarcerated on his federal sentence, Collins has taken some positive steps. See Resentencing Report 1; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Collins received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Collins's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Collins's serious criminal conduct and criminal history do not support reducing Collins's sentence. Thus, the court denies Collins's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Collins's motion for reduction of sentence [D.E. 33] is DENIED.

SO ORDERED. This 9 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge